**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARGARITO CHAVEZ-QUIROZ** | ) | |
|     **Defendant-Petitioner,** | ) | |
| | ) | |
| vs. | ) | No. 3:06-CV-1066-M |
| | ) | No. 3:03-CR-144-M |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Plaintiff-Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the magistrate judge are as follows:

**FINDINGS AND CONCLUSIONS**

Margarito Chavez-Quiroz ("Movant") seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is a federal prisoner currently incarcerated in a federal correctional institution. Respondent is the United States of America ("Respondent").

**STATEMENT OF THE CASE**

On May 7, 2003, Movant was charged by indictment with one count of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and 6 U.S.C. §§ 202 and 557. On November 5, 2003, a jury found him guilty. On February 25, 2004, the trial court sentenced him to 108 months' imprisonment and a three-year term of supervised release. The Fifth Circuit Court of Appeals affirmed his conviction on July 28, 2005. *United States v. Chavez-Quiroz*, No. 04-10284 (5th Cir. July 28, 2005) (unpublished). Movant filed a petition for writ of certiorari

which the United States Supreme Court denied on January 17, 2006. Movant timely filed his § 2255 motion on June 15, 2006.

## FACTUAL BACKGROUND

Movant's mother was born in Mexico, but because her father was born in the United States and lived here for the requisite amount of time before her birth, she became a U.S. citizen when she was born. (Trial Transcript ("Tr."), Vol. 1, at 108.) Movant was born in Mexico and moved to the United States with his mother when he was eight or nine years old. (Tr., Vol. 1, at 108.) Before their arrival in the United States, Movant's mother obtained a certificate of citizenship which recognized that she was a U.S. citizen by birth. (Tr., Vol. 1, at 109.)

Defendant based his defense on the argument that because Movant's mother did not reside in the United States for the requisite period of time,[1] she lost her citizenship, and therefore could never have become anything other than a naturalized citizen. (Tr., Vol. 1, at 193.) If Movant's mother had become a naturalized citizen--notwithstanding the issuance of the certificate of citizenship based on her father's birth and residency in the United States--Movant would be a U.S. citizen and could not be convicted of illegal reentry after deportation.

The government claimed that Movant's mother did not lose her U.S. citizenship despite her failure to meet the retention requirement because she did not have notice of the retention requirement. The government contended that taking the Oath of Allegiance was not the equivalent of making application to become, and becoming, a naturalized citizen.

---

[1] The Immigration and Nationality Act requires "retention," meaning that a person must reside in the united States for a requisite period to retain citizenship.

2

The dispositive issue at trial was whether Movant's mother had always retained her citizenship, or whether she lost her citizenship and later naturalized by taking an oath of allegiance. At trial, Movant contended that because of the United States Supreme Court's interpretations of the changes in citizenship law, his mother was actually a naturalized citizen and not one by birth. (Tr., Vol. 1, at 182-183.) Respondent argued that Movant's mother was, and always remained, a citizen by birth. (Trial Tr., Vol. 1, at 73). If Movant's contention was correct, he would be deemed a U.S. citizen. If Respondent's contention was correct, Movant would not be a citizen.

At trial, Movant asserted that under the United States Supreme Court decision of *Rogers v. Bellei*, 401 U.S. 815 (1971), Movant's mother lost her citizenship for failure to meet the retention requirements irrespective of whether she received notice of the retention requirements. (Tr., Vol. 2, at 14.) The Court allowed the jury to hear expert testimony on the issue. (*Id.*) The Court instructed the jury that "the Supreme Court case of Roger versus Bellei does not directly address the issue of whether a person who does not know of the retention requirement loses her citizenship." (Tr., Vo. 2, at 35.) Upon the conclusion of trial, the jury found Movant guilty of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and 6 U.S.C. §§ 202 and 557.

## STANDARD OF REVIEW

The scope of post-conviction relief pursuant to 28 U.S.C. § 2255 is limited. Issues raised and decided on appeal from a judgment of conviction are not considered in § 2255 motions. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). The statute affords judicial review only for constitutional errors and other issues that (1) could not have been raised on direct appeal and (2) will result in a miscarriage of

justice if left unaddressed. *See United States v. Faubion,* 19 F.3d 226, 233 (5th Cir. 1994). Before a petitioner may raise an issue for the first time in a § 2255 proceeding, he must show "cause" for his procedural default in failing to raise the issue on appeal and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 168 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). This high hurdle ensures that final judgments command respect and that their binding effect is not disturbed by an endless series of post-conviction collateral attacks. *Frady*, 456 U.S. at 168.

## STATEMENT OF THE CLAIM

In four grounds for relief, Movant alleges that the trial and appellate courts erred by refusing to interpret and apply *Rogers v. Bellei* to the facts of his case.

## EXAMINATION OF THE CLAIM

Movant contends that if the trial and appellate courts had correctly interpreted *Rogers,* he would not be guilty of illegal reentry after deportation. He asserts that *Rogers* is subject to interpretation and that a reasonable person could interpret the case to mean his mother was a naturalized citizen, which would in turn make him a U.S. citizen as well.

At trial, Movant specifically requested to submit this issue to the jury, rather than to the trial court. (Tr., Vol.1, at 169-190; Vol. 2, at 7, 8-14, 18-20.) The trial court, after careful deliberation, decided to allow Movant to present testimony from his expert witness. (Tr.,Vol. 2, at 12-17.) The Court charged the jury with specific instructions on how to weigh the testimony of the expert. (*See* Ct. Charge at 4-5.) Since Movant chose this procedure, he cannot now claim that it was in error. *United States v. Green*, 272 F. 3d 748,754 (5th Cir. 2001). Movant invited

4

any possible error that exists, based on his choice of procedure.[2]

On appeal, Movant did not ask the Fifth Circuit Court of Appeals to interpret and apply *Rogers*. (App. at 1-3). Since Movant did not seek the Courts' interpretation and application of *Rogers*, the issue is waived. *United States v. Arviso-Mata,* 442 F. 3d 382, 384 (5th Cir. 2006).

Further, Movant's claim is procedurally barred. "A defendant may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error." *United States v. Shaid*, 937 F 2d. 228, 232 (5th Cir. 1991); *United States v. Frady*, 456 U.S. 152, 168 (1982). Movant alleges that, (A) the correct interpretation of *Rogers* renders him a United States citizen; (B) his mother's claim of citizenship was outside the 14th Amendment definition of citizenship, and was subject to Congressional action; (C) his mother did not object to the Citizenship oath; and (D) his mother falls within the provision of Rev. Stat. § 1993, as amended by the Act of May 24, 1934, § 1, 48 Stat. 797. Grounds (B)-(D) are not separate grounds. Rather, they constitute argument in support of Movant's procedurally defaulted claim.

Movant failed to show why he did not raise the claim he attempts to bring here in District Court or on direct appeal. Movant chose to put the burden on the government to prove to a jury beyond a reasonable doubt the he was an alien, rather than a U.S. citizen. Movant never requested the trial or appellate court to interpret *Rogers*, and hence cannot show that he was prejudiced. He has shown neither cause nor any actual prejudice, and therefore his claim is procedurally defaulted.

**RECOMMENDATION**:

---

[2] If Movant had asked the Court to decide the issue, he likely would not have prevailed . The trial court pointedly told Movant that it did not agree with his expert witness's interpretation of *Rogers*. ( Tr., Vol. 2, at 2).

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be denied.

SIGNED, NOVEMBER 16, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).