IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-03-CR-144-M |
| MARGARITO CHAVEZ-QUIROZ | § § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Margarito Chavez-Quiroz, a federal prisoner, has filed a pleading entitled "Motion for De Novo Trial." For the reasons stated herein, the pleading should be treated as a motion to correct, vacate, or set aside sentence and dismissed as successive.

I.

A jury convicted defendant of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(2). Punishment was assessed at 108 months confinement, followed by supervised release for a period of three years. His conviction and sentence were affirmed on direct appeal. *United States v. Chavez-Quiroz*, 142 Fed.Appx. 806, 2005 WL 1792846 (5th Cir. Jul. 28, 2005), *cert. denied*, 126 S.Ct. 1116 (2006). Defendant also filed a motion for post-conviction relief under 28 U.S.C. § 2255. The motion was denied. *United States v. Chavez-Quiroz*, No. 3-06-CV-1066-M, 2006 WL 3487012 (N.D. Tex. Dec. 4, 2006), *COA denied*, No. 06-11338 (5th Cir. Dec. 11, 2007). Undeterred, defendant now seeks a new trial based on recently discovered evidence that his mother was a naturalized citizen, not a citizen by birth.[1]

---

[1] The dispositive issue at trial was whether defendant's mother, who was a United States citizen by virtue of the citizenship of her father, had always retained her citizenship, or whether she lost her citizenship and later became a

II.

The court initially observes that a federal prisoner may challenge his conviction and sentence only in a section 2255 motion. *See, e.g. United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1156 (1999) (motions attacking federal convictions on constitutional grounds must be treated as section 2255 motion). However, defendant previously filed a section 2255 motion. In order to file a second or successive motion for post-conviction relief, defendant must show that the successive motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3). The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## RECOMMENDATION

Defendant's Motion for De Novo Trial [Doc. #115] should be treated as a motion to correct, vacate, or set aside sentence and dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court.

---

naturalized citizen by taking an oath of allegiance. If defendant's mother was a naturalized citizen and not a citizen by birth, defendant would be deemed a United States citizen and could not be prosecuted for illegal reentry after deportation.

-2-

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 3, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE